**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MECHLING AND CHRISTOPHER MECHLING,<br><br>        Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 20-cv-05223 |

**COMPLAINT**

Nicholas Mechling and Christopher Mechling (hereinafter referred to together or individually as "Plaintiff") are the owners of Twins Special LLC. Under agreement with Twins Special LLC, Plaintiff has full and exclusive license to use, enforce and sublicense the intellectual property of Twins Special LLC. Plaintiff and Twins Special LLC are hereinafter referred to together or individually as "Twins Special". Plaintiff hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**I. JURISDICTION AND VENUE**

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at

least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Twins Special's trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Twins Special substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by Twins Special to combat e-commerce store operators who trade upon Twins Special's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products, including boxing gloves and mixed martial arts equipment, using infringing and counterfeit versions of Twins Special's federally registered trademarks (the "Counterfeit Twins Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale and selling Counterfeit Twins Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Twins Special is forced to file this action to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Twins

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

Products over the Internet. Twins Special has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff**

4. Nicholas Mechling and Christopher Mechling ("Plaintiff") are the exclusive licensees of Twins Special's trademarks and owners of Twins Special LLC, a privately held company with its principal place of business in San Diego, California. Under agreement with Twins Special, LLC, Plaintiff polices and enforces Twins Special, LLC's trademark rights and other intellectual property rights in the United States. Plaintiff and Twins Special, LLC are referred to herein together or individually as "Twins Special".

5. Twins Special is a world-famous, well-known manufacturer of boxing gloves and mixed martial arts equipment. Twins Special manufactures boxing gloves and mixed martial arts equipment under multiple brands, including Twins Special and King Professional. Twins Special is famous for its Velcro wrist boxing gloves that are hand-crafted in Thailand. Twins Special's boxing gloves are designed to endure years of sparring, elite competition, and training with heavy bags, pads and mitts. In addition to its world-famous boxing gloves, Twins Special is engaged in the manufacture, sale and distribution of shin guards, training gear, head gear, fight wear, and fighting accessories (collectively, the "Twins Products").

6. Twins Special's superior design and craftsmanship, along with the reputation of Twins Products, enabled it to achieve widespread recognition and fame and made Twins Special one of the most well-known manufacturers of fighting equipment. Today, Twins Special enjoys a very high, unaided awareness rate worldwide. Twins Special is also among the small group of

boxing glove manufacturers whose boxing gloves have been approved by the world's largest sport governing bodies, such as the Nevada State Athletic Commission, the International Boxing Association ("AIBA") and International Federation of Muaythai Associations ("IFMA").

7. Twins Products are distributed and sold to customers through the Twins Special website, twinsfightgear.com, and through authorized retailers, including numerous authorized retailers in this district. Twins Special also authorizes multiple websites selling fighting equipment to sell Twins Products.

8. Twins Special incorporates a variety of distinctive marks in the design of its various Twins Products. As a result of its long-standing use, Twins Special owns common law trademark rights in its trademarks. Twins Special has also registered its trademarks with the United States Patent and Trademark Office. Twins Products typically include at least one of Twins Special's registered trademarks. Often several Twins Special marks are displayed on a single product. Twins Special uses its trademarks in connection with the marketing of its Twins Products, including the following marks which are collectively referred to as the "TWINS Trademarks."

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,848,713 | TWINS ★ ★ ★ SPECIAL ★ ★ ★ | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, |

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| | | shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
| 4,848,712 | TWINS SPECIAL (logo) | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |

5

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 3,749,271 | KING BOXING EQUIPMENT PROFESSIONAL MADE IN THAILAND (logo) | For: Boxing shorts; Caps; T-shirts; Tank tops in class 25.<br><br>For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards in class 28. |
| 4,848,711 | TWINS SPECIAL | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |

6

9. The TWINS Trademarks have been used exclusively and continuously in the U.S. by Twins Special and have never been abandoned. The above U.S. registrations for the TWINS Trademarks are valid, subsisting, in full force and effect, and one is incontestable pursuant to 15 U.S.C. § 1065. Attached hereto as **Exhibit 1** are true and correct copies of the U.S. Registration Certificates for the TWINS Trademarks included in the above table. The registrations for the TWINS Trademarks constitute *prima facie* evidence of their validity and of Twins Special's exclusive right to use the TWINS Trademarks pursuant to 15 U.S.C. § 1057(b).

10. The TWINS Trademarks are exclusive to Twins Special and are displayed extensively on Twins Products and in Twins Special's marketing and promotional materials. Twins Products have long been among the most famous and popular of their kind in the world. Twins Special has expended substantial resources in advertising, promoting and marketing featuring the TWINS Trademarks. Additionally, the reputation of the Twins Products has been spread through word of mouth. Because of these and other factors, Twins Special and the TWINS Trademarks have become famous throughout the United States.

11. The TWINS Trademarks are distinctive when applied to the Twins Products, signifying to the purchaser that the products come from Twins Special and are manufactured to Twins Special's quality standards. Whether Twins Special manufactures the products itself or licenses others to do so, Twins Special has ensured that products bearing its trademarks are manufactured to the highest quality standards. The TWINS Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the TWINS Trademarks is of incalculable and inestimable value to Twins Special.

12. For many years, Twins Special has operated a website where it promotes Twins Products at twinsfightgear.com. Twins Products are featured and described on the website and are available for purchase. The twinsfightgear.com website features proprietary content, images, and designs exclusive to Twins Special.

13. Twins Special, or third parties on Twins Special's behalf, have expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TWINS Trademarks. As a result, products bearing the TWINS Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products from Twins Special. Twins Special is a multi-million-dollar brand, and Twins Products have become among the most popular of their kind in the world.

**The Defendants**

14. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Twins Special. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

15. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Twins Special to discover Defendants' true identities and the exact interworking of

their counterfeit network. If Defendants provide additional credible information regarding their identities, Twins Special will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

16. The success of the Twins Special brand has resulted in its significant counterfeiting. Consequently, Twins Special regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Twins Special has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Counterfeit Twins Products to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. **Exhibit 2**, Excerpts from Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id*. Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id*. Counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

17. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 3**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); see also, report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office

9

of Strategy, Policy, and Plans (Jan. 24, 2020) attached as **Exhibit 4** and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. **Exhibit 4** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 4** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 3** at 186-187.

18. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Counterfeit Twins Products to residents of Illinois.

19. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Twins Special has not licensed or authorized Defendants to use

any of the TWINS Trademarks, and none of the Defendants are authorized retailers of genuine Twins Products.

20. Many Defendants also deceive unknowing consumers by using the TWINS Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Twins Products. Other e-commerce stores operating under the Seller Aliases omit using TWINS Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Twins Products.

21. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

22. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Twins Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

23. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating

11

under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Counterfeit Twins Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Twins Products were manufactured by and come from a common source and that Defendants are interrelated.

24. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

25. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Twins Special's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore bank accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Twins Special. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

26. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Twins Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have

jointly and severally, knowingly and willfully used and continue to use the TWINS Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Twins Products into the United States and Illinois over the Internet.

27. Defendants' unauthorized use of the TWINS Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Twins Products, including the sale of Counterfeit Twins Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Twins Special.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

28. Twins Special hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered TWINS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The TWINS Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Twins Products offered, sold or marketed under the TWINS Trademarks.

30. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the TWINS Trademarks without Twins Special's permission.

31. Twins Special is the exclusive owner of the TWINS Trademarks. Twins Special's United States Registrations for the TWINS Trademarks (Exhibit 1) are in full force and effect. On information and belief, Defendants have knowledge of Twins Special's rights in the TWINS

Trademarks, and are willfully infringing and intentionally using counterfeits of the TWINS Trademarks. Defendants' willful, intentional and unauthorized use of the TWINS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Twins Products among the general public.

32. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Twins Special has no adequate remedy at law, and if Defendants' actions are not enjoined, Twins Special will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TWINS Trademarks.

34. The injuries and damages sustained by Twins Special have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Twins Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

35. Twins Special hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

36. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Twins Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Twins Special or the origin, sponsorship, or approval of Defendants' Counterfeit Twins Products by Twins Special.

37. By using the TWINS Trademarks in connection with the sale of Counterfeit Twins Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Twins Products.

38. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Twins Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

39. Twins Special has no adequate remedy at law and, if Defendants' actions are not enjoined, Twins Special will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## PRAYER FOR RELIEF

WHEREFORE, Twins Special prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the TWINS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Twins Product or is not authorized by Twins Special to be sold in connection with the TWINS Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Twins Product or any other product produced by Twins Special, that is not Twins Special's or not produced under the authorization, control, or supervision of Twins Special and approved by Twins Special for sale under the TWINS Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Twins Products are those sold under the authorization, control or

supervision of Twins Special, or are sponsored by, approved by, or otherwise connected with Twins Special;

d. further infringing the TWINS Trademarks and damaging Twins Special's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Twins Special, nor authorized by Twins Special to be sold or offered for sale, and which bear any of Twins Special's trademarks, including the TWINS Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

2) Entry of an Order that, upon Twins Special's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the TWINS Trademarks;

3) That Defendants account for and pay to Twins Special all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the TWINS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Twins Special be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the TWINS Trademarks;

5) That Twins Special be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 3rd day of September 2020.  Respectfully submitted,

/s/ Justin R. Gaudio/
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Martin F. Trainor
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
mtrainor@gbc.law

*Counsel for Plaintiffs Nicholas Mechling and Christopher Mechling*